**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**STATE OF MISSOURI, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF AGING, Defendant.**

No. 86 MISC 77.

United States District Court, E.D. Missouri, E.D.

Aug. 29, 1986.

Robert Johnson, E.E.O.C., St. Louis, Mo., for plaintiff.

William E. Cornwell, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for defendant.

### ORDER

LIMBAUGH, District Judge.

This miscellaneous cause is before the Court on applicant Equal Employment Opportunity Commission's (EEOC) petition for enforcement of two subpoenaes duces tecum served on respondent State of Missouri. The State of Missouri has moved to dismiss this enforcement petition, alleging that the Court does not have jurisdiction to consider it. The parties have fully briefed all pertinent issues.

Harriet Patton, the charging party in the underlying EEOC investigation, worked for the State of Missouri in its Department of Social Services, Division of Aging from February through May, 1984. The State then discharged Patton from her employment and she subsequently filed charge no. 072841275 with the EEOC, contending that the State had discriminated against her on the basis of race. In the course of its investigation, the EEOC issued identical subpoenas duces tecum to Nancy Shoop, Acting Director of the Division of Personnel and Lloyd Connley, Director of the Division of Aging. These subpoenas requested production of the following documents:

1. All documents (including the complete personnel files) which reflect, relate to or have any bearing on performance, conduct, earnings, duties, changes in duties, grievances, their dispositions, and internal investigations of conduct and performance of Charging party, Mary Jo Spangler, Donna Fischer and all other probationary Nurses under the supervision of Marilyn Seats at any time from January 1, 1984, to the present.

2. For the time period January 1, 1983, to the present inclusive, all documents which reflect, relate to or have any bearing on performance, conduct, earnings, duties, changes in duties and internal investigations of conduct and performance of Marilyn Seats.

The State applied to the EEOC's Acting District Director for revocation of the subpoena, contending that the EEOC sought documents covering an inappropriately broad time period, and that the agency had not limited its request to documents relating to possible racial discrimination. The State also asserted that the request, if fulfilled, would violate the privacy rights of other nurses and would infringe on the state agency's attorney/client privilege. When the Director denied the request for revocation, the State appealed to EEOC's General Counsel in Washington, D.C. who also refused to set aside the subpoenas.

Since the State continued to refuse to comply with the subpoenas, upon the EEOC's application, the Court on March 4, 1986, ordered the State to show cause why the Court should not enforce the subpoenas at issue. The State of Missouri in its response has renewed its objections to the subpoenas first voiced to the EEOC's Acting District Director and, in addition, has moved to dismiss this enforcement proceeding for lack of subject matter jurisdiction. The Court after carefully reviewing the file finds that the State's initial objections to the scope of the subpoenas are not valid, given the broad scope of discovery appropriate in the investigation of any EEOC charge. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 104 S.Ct. 1621, 1631, 80 L.Ed.2d 41 (1984).

■ In its motion to dismiss, the State first argues that the EEOC cannot compel it to respond to subpoenas duces tecum because it is not an "employer" for purposes of the National Labor Relations Act, 29 U.S.C. § 152(2). This is significant, the State contends, because Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. incorporates the discovery provisions of the National Labor Relations Act. *See* 42 U.S.C. § 2000e–9. But, as the EEOC correctly notes, the pertinent provision of the National Labor Relations Act, 29 U.S.C. § 161, allows an investigating agency to seek information from a "person," a term which, unlike "employer" does not exclude state governments. *Compare*

29 U.S.C. §§ 152(1) and (2). Presumably, the State is a person and, therefore, subject to discovery. This objection to jurisdiction, then, has no validity.

The State of Missouri also contends that the EEOC cannot bring this subpoena enforcement action because a provision in Title VII, 42 U.S.C. § 2000e–5(f)(1), provides that the Attorney General of the United States rather than the EEOC must bring a discrimination action against a state agency. But, this cited provision applies to the actual filing of a civil complaint in federal district court. It contains no language that suggests, either directly or indirectly, that it applies to a subpoena enforcement proceeding.

Accordingly,

IT IS HEREBY ORDERED that respondent State of Missouri's motion to dismiss is DENIED.

IT IS FURTHER ORDERED that applicant's petition for enforcement of subpoenas duces tecum nos. SL 85–42 and SL 85–43 issued by the EEOC to Nancy Shoop and Lloyd Connley is SUSTAINED.

IT IS FURTHER ORDERED that the respondent shall comply with these subpoenas within fifteen (15) days from the date of this order.